UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA J. WOLFGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:18cv198 |
| | ) |
| G4S SECURE SOLUTIONS (USA), INC., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), filed by the defendant, G4S Secure Solutions (USA), Inc. ("G4S"), on August 6, 2018. Plaintiff, Joshua J. Wolfgram ("Wolfgram"), filed his response on August 27, 2018, to which G4S replied on September 4, 2018.

Also before the court is a Motion to Strike Exhibits Submitted by Defendants, filed by Wolfgram on August 27, 2018. G4S responded to the motion on September 4, 2018. Wolfgram has declined to file a reply.

For the following reasons, the motion to dismiss will be granted and the motion to strike will be denied.

Discussion

The facts, viewed most favorably towards Wolfgram, are as follows. Wolfgram served in the United States Army from 1994 through 2004. In 2004, Wolfgram suffered an injury with degenerative osteoarthrosis at the talo-navircular joint, of left foot pes planus with internal derangement, a condition associated with arthritis of the foot. Wolfgram suffered this injury while on deployment in Iraq. Wolfgram states that his injury has caused him to suffer a physical

impairment which has limited one or more major life activities as defined in 42 U.S.C. § 12102, including, but not limited to the ability to work.

Wolfgram applied for employment at G4S and was employed at the General Motors plant location for G4S in Allen County, Indiana. Wolfgram states that G4S was aware of his service-connected impairment and disability, as well as his status as a veteran.

On or about January 16, 2017, Wolfgram received a written disciplinary warning which stated that he reported to his scheduled shift wearing non-issued uniform pants. This notice referenced a prior final write-up on January 13, 2017 for not wearing issued uniform pants. Wolfgram was suspended for three days, and warned that "Future violations of the employee dress code will result in investigative suspension and up to removal from the site".

On or about January 26, 2017, Wolfgram was removed from the GM site for insubordination, failure to follow direct orders, and for his continued failure to wear the designated G4S uniform. Wolfgram's termination from G4S was finalized effective February 10, 2017. Wolfgram filed the present suit alleging that G4S discriminated against him on the basis of disability in violation of the ADA. Specifically, Wolfgram alleges that G4S failed to engage in the interactive process in an effort to reasonably accommodate his disability at work (Count 1) and that G4S discriminated against him by terminating his employment (Count II). G4S now seeks to have the complaint dismissed for failure to state a claim.

A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). According to Federal Rule of Civil Procedure 8, a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). As the Supreme Court has observed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

To prevail on a failure to accommodate claim under the ADA, Plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) his employer was aware of the disability; and (3) his employer failed to reasonably accommodate the disability. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). When an employee requests an accommodation for a disability, an employer is required to engage in a good faith "interactive process to determine the extent of the disability and what accommodations are appropriate and available." *O'Toole v. Acosta*, 2018 U.S. Dist. LEXIS 49678, at *36 (N.D. Ill. Mar. 26, 2018) (quoting *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 803 (7th Cir. 2005)).

In its motion to dismiss, G4S argues that Wolfgram has not even alleged that he requested a disability accommodation. In response, Wolfgram states that his complaint raised the issue of the poor quality of his prior issued pants, as well as not having received new issued pants. Wolfgram claims that the non-approved pants he wore to work were a reasonable accommodation in order to allow him to carry his glasses.

As G4S notes in reply, even accepting as true Wolfgram's allegation that he raised the

issue of the poor quality of the company-issued pants, that allegation simply does not suffice as an request for a reasonable accommodation related to an alleged disability. The law is clear that a plaintiff raising a reasonable accommodation claim under the ADA must demonstrate that the requested accommodation has some connection with the alleged disability suffered. *See, e.g., Felix v. N.Y. City Transit Auth.*, 154 F. Supp. 2d 640, 660 ("[B]ecause there was no nexus or causal connection between [the plaintiff]'s ADA-qualifying limitation and the reasonable accommodation sought, [the plaintiff] cannot invoke the protections of the ADA."). Inexplicably, Wolfgram's Complaint fails to indicate how wearing poor quality uniform pants inhibited his performance of the essential job functions or how the quality of pants relates in any way to his arthritic condition. Further, even accepting as true that Wolfgram informed G4S that wearing poor quality pants affected his ability to carry his glasses, that fact still does not constitute an allegation that he requested a reasonable accommodation for his foot-related disability, which is the only disability alleged in his Complaint.

As there are no circumstances where relief could be granted to Wolfgram on his ADA claim, the motion to dismiss will be granted as to these counts.

Wolfgram has also brought two claims brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA"). USERRA was enacted in part "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). Specifically, USERRA grants the following protections:

> (a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment,

> retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.
>
> (b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter [38 USCS §§ 4301 et seq.], (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter [38 USCS §§ 4301 et seq.], or (4) has exercised a right provided for in this chapter [38 USCS §§ 4301 et seq.]. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

38 U.S.C. § 4311. Wolfgram's claims under USERRA allege that: 1) G4S failed to engage in the interactive process to reasonably accommodate his service-connected disability (Count III); and 2) G4S discriminated against Wolfgram as a result of his service-connected disability (Count IV). (Compl., at 3).

In support of its motion to dismiss, G4S argues that Wolfgram has not stated a claim for relief pursuant to USERRA, as Wolfgram argues no facts alleging that G4S discriminated against him because he was formerly in the armed services. Wolfgram alleges that G4S discriminated against him due to his disability, which he acquired during his service in the armed forces. However, the fact that Wolfgram's alleged disability began during his military service does not in itself implicate USERRA absent additional facts. *Douris v. Bucks County*, 2005 U.S. Dist. LEXIS 1279, at *36 (E.D. Pa. Jan. 31, 2005) ("Plaintiff asserts that he is a veteran. . . . However, he never claims that the decision not to hire him was motivated by his veteran status. [Plaintiff's] Complaint does not assert a claim under USERRA.").

Clearly, Wolfgram's USERRA claims are a mere repetition of the claims already made in Counts I and II of his complaint under the ADA. This is true literally as well as figuratively;

5

Counts III and IV of Plaintiff's complaint (the USERRA claims) are nearly exact duplicates of Counts I and II of the complaint (the ADA claims) except that Counts III and IV identify Plaintiff as a "veteran military service member" and also the phrase "service-connected" is added before the word "disability." (See Compl. at 2–3). USERRA was passed for the purpose of protecting active duty service members who are required to miss time from their civilian employment to fulfill their military obligations. Wolfgram, long since discharged, is not alleging the sort of claim USERRA was designed to enforce. Wolfgram is not an active service member who is being discriminated against as a result of his taking a required leave of absence for service. Nor is Wolfgram being discriminated against because of his status as a veteran. Wolfgram's complaint does not put forth any facts to argue otherwise. Accordingly, Counts III and IV of Wolfgram's complaint will be dismissed for failure to state a claim.

The court will now discuss the motion to strike exhibits. Wolfgram claims that G4S has improperly submitted exhibits outside of the pleadings, and requests that they be stricken. The exhibits in question consist of Wolfgram's personnel file. As G4S notes, Wolfgram's Complaint references many personnel file documents. Because the Complaint references the documents, G4S was permitted to attach the documents as exhibits without converting the motion to one for summary judgment.

The case law on this issue is well established: "If a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Gary/Chicago Int'l Airport Auth. V. Zaleski*, 144 F. Supp. 3d 1019, 1023 (N.D. Ind. Nov. 17, 2015) (citing *Brownmark Films v. Comedy Partners*, 682 F.3d, 687, 690 (2012)); *see also Johnson v. ArcelorMittal LLC*, 2017

U.S. Dist. LEXIS 151756, at *3–4 (N.D. Ind. Sep. 19, 2017).

In the present case, Wolfgram's Complaint references actions and events documented in his personnel file. For example, Wolfgram's Complaint alleges that "[o]n or about January 16, 2017, Wolfgram received a written disciplinary warning form stating Wolfgram reported to his scheduled shift wearing non-issued uniform pants." (Compl., ¶ 11). Wolfgram did not attach his written warning, so G4S is permitted to do so.

Furthermore, Wolfgram also references G4S's uniform/appearance program in the Complaint (see Compl., ¶ 15) G4S's Exhibit A properly includes a portion of the G4S policy manual and employee handbook which contains G4S's stated policies on employee uniform requirements.

Clearly, these context-providing documents are permissible for the Court's consideration because they are referenced in the Complaint. Thus, G4S has properly provided them to the Court without automatically converting its motion to dismiss to one for summary judgment. Accordingly, the motion to strike will be denied.

## Conclusion

On the basis of the foregoing, G4S's motion to dismiss [DE 9] is hereby GRANTED. Further, Wolfgram's motion to strike [DE 13] is hereby DENIED.

Entered: October 15, 2018.

                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court